## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**Jimmy Smith**

      v.                                   Case No. 1:21-cv-133-PJB-AKJ

**Roger Williams**
**University Law School**


### ORDER

Plaintiff Jimmy Smith, a law school graduate appearing pro se, has sued his alma mater, Roger Williams University Law School (RWULS). Mr. Smith claimed that RWULS discriminated against him because of his race and breached a contractual promise to provide him with a clinical placement. See Complaint (Doc. No. 1) and Addendum (Doc. No. 5). The court previously dismissed Mr. Smith's discrimination claims. February 16, 2023 Order (Doc. No. 82). Invoking Fed. R. Civ. P. 12(h)(3), RWULS moves to dismiss Mr. Smith's state-law breach of contract claim, arguing that this court lacks subject matter jurisdiction (Doc. No. 102). Mr. Smith has timely objected (Doc. No. 126), to which RWULS has replied (Doc. No. 128). For the reasons that follow, the motion is granted.

### I.      FACTUAL BACKGROUND

The factual allegations in this case are described in detail in the court's February 16, 2023, Order (Doc. No. 82), and will not be repeated in full here.

As noted above, the only remaining cause of action in this case is Mr. Smith's breach of contract claim. The basis of this claim is that RWULS failed to satisfy the "guarantee" of clinical placement prominently displayed on its website. See Id. at 11-14.

## II.   STANDARD OF REVIEW

"[F]ederal courts are courts of limited jurisdiction." Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The court "has the obligation, when there is any question, to confirm that it has subject matter jurisdiction prior to considering the merits of the underlying controversy." Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (citing Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013)). Generally, "[t]he proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). But where, as here, the defendant has moved to dismiss for lack of subject matter jurisdiction after responding to the complaint, the court may decide the jurisdictional issue under Fed. R. Civ. P. 12(h)(3). Buntin v. City of Boston, 857 F.3d 69, 72 (1st Cir. 2017); Anvar v. Tanner, 549 F. Supp. 3d. 235, 239 (D.R.I. 2021). Pursuant to that rule, "[i]f

the court determines at any time that it lacks subject matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The standards for evaluating subject-matter jurisdiction under Rule 12(h)(3) are the same as those under Rule 12(b)(1). See Jenkins v. Pech, 301 F.R.D. 401, 403–04 (D. Neb. 2014); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880 n.3 (3d Cir. 1992) (stating that the only distinction between Rule 12(h)(3) and Rule 12(b)(1) motions is that the "former may be asserted at any time" and that, when they both challenge subject-matter jurisdiction, they are "analytically identical"). In addressing a motion to dismiss for lack of subject matter jurisdiction, the court credits the pleaded factual allegations. Pona v. Weeden, C.A. No. 16-612S, 2017 WL 3279012, at *3 (D.R.I. June 29, 2017). The plaintiff bears the burden of demonstrating the court's subject matter jurisdiction court jurisdiction. Id. (citing Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 215 F.3d 195, 200 (1st Cir. 2000).

## III.   ANALYSIS

As is noted above, Mr. Smith's federal claims that were the basis for subject matter jurisdiction have been dismissed. The dismissal of those claims is the impetus for RWULS questioning whether the court has subject matter jurisdiction to consider Mr. Smith's state-law breach of contract claim. Subject matter jurisdiction may exist based on diversity of citizenship

pursuant to 28 U.S.C. § 1332 or, if the requirements for diversity jurisdiction are not met, the court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a). The court first addresses diversity jurisdiction.

A.   Diversity Jurisdiction

District courts have original jurisdiction in all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). According to the complaint (Doc. No. 1), Mr. Smith is a Massachusetts resident and RWULS is located in Rhode Island. Conceding that the parties are citizens of different states, RWULS asserts that Mr. Smith has not met the amount-in-controversy requirement of $75,000.

"[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938) (footnotes omitted); see also Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 44–45 (1st Cir. 2012) (applying the St. Paul Mercury Indem. Co. test and affirming the district court's dismissal based on the plaintiff's failure to adequately support the alleged amount in controversy). "Good faith is measured objectively; '[t]he question . . . is whether to anyone

familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." Abdel-Aleem, 665 F.3d at 41 (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995)).

In his complaint, Mr. Smith asserts a damage claim of $32 million. Complaint (Doc. No. 1) at 4. While this amount exceeds the jurisdictional threshold, the court need not accept "what appears to be an imaginary number," in its analysis. Abdel-Aleem, 665 F.3d at 43. As no objective assessment of Mr. Smith's claim could yield such a damage amount, the court does not consider that number in its analysis. In a more focused effort to satisfy his burden, Mr. Smith has submitted salary surveys for attorneys in Rhode Island. Pltf. Obj. (Doc. No. 126) at 6 n.4; Exh. 1-6 (Doc. Nos. 126-1 – 121-6). Citing those exhibits, Mr. Smith asserts that "the defendants have cost him about [$35,000] per year over my first five years after graduation as well as [$100,000] per year for the next 50 years of his career." Id. These numbers, standing alone without any factual support, are unpersuasive.

Although Mr. Smith graduated from RWULS in 2021, he has not pled any facts to support his claim that his lack of clinical experience has hindered

his earning capacity.[1] That is, he does not allege that an employer declined to hire him – or hired him at reduced wages – because of his lack of clinical experience. Similarly, he does not allege that his lack of clinical experience has caused potential clients to shun him. Indeed, Mr. Smith does not even indicate that he is licensed to practice law. Ultimately, his unsupported conclusions about past and future lost wages are little more than the speculative "bald statements and round numbers" that the First Circuit has rejected as a basis for finding that the jurisdictional threshold has been met. Abdel-Aleem, 665 F.3d at 43.[2] As such, it "appear[s] to a legal certainty that [Mr. Smith's] claim is really for less than the jurisdictional amount . . . ." St. Paul Mercury Indem. Co., 303 U.S. at 288-89. Mr. Smith has, therefore, failed to meet his burden of establishing diversity jurisdiction.

---

[1] Mr. Smith argues that the court's prior finding that he had alleged the existence of damages sufficiently to state a claim for breach of contract, Order (Doc. No. 82) at 13-14, is tantamount to a finding that his complaint satisfies the amount in controversy requirement. The court disagrees. A plausible allegation of some damage is sufficient to state a claim. Subject matter jurisdiction requires damages that meet or exceed the $75,000 threshold.

[2] In deference to Mr. Smith's pro se status, the court considers the attachments in its analysis. The court, however, rejects Mr. Smith's assertion that he needs to conduct discovery to bolster his jurisdictional argument. Although Mr. Smith argues that information on his lost earning capacity is in possession of RWULS, the information that could have supported his claim, such as license status and lost employment opportunities, is within his knowledge.

B.   Supplemental Jurisdiction

A federal court exercising original jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Swartz v. Sylvester, 53 F.4th 693, 703 (1st Cir. 2022) (quoting 28 U.S.C. § 1367(a)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Zell v. Ricci, 957 F.3d 1, 15 (1st Cir. 2020) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). In addition, "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve the interests of fairness, judicial economy, convenience, and comity." Id. (cleaned up).

Here, no discovery has taken place and no trial has been scheduled. Based on these circumstances, the court finds that this is the "usual case," Zell, 957 F.3d at 15, and that none of the interests of "fairness, judicial economy, convenience, or comity would be served" by retaining jurisdiction

over the state-law claim. See id. The court therefore declines to exercise supplemental jurisdiction over Mr. Smith's breach of contract claim.

## IV.    CONCLUSION

Based on the foregoing, the court finds that Mr. Smith has failed to meet his burden of establishing that the court has subject matter jurisdiction over his breach of contract claim. Furthermore, the court declines to exercise supplemental jurisdiction over that claim. Accordingly, RWULS's motion to dismiss (Doc. No. 102) is granted. Mr. Smith's remaining claim is dismissed, without prejudice to being re-filed in a court of competent jurisdiction. The clerk shall enter judgment in accordance with this order and the court's prior order on defendant's motion to dismiss (Doc. No. 82) and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

May 5, 2023

cc:    Counsel of record

8